## In re Square Building & Loan Association

*Abraham L. Hodes*, for claimant.

*Homer C. Yingst*, for Secretary of Banking.

FLOOD, J., February 13, 1941.—The Secretary of Banking of the Commonwealth of Pennsylvania took possession of the business and property of the Square Building

& Loan Association on May 31, 1938, pursuant to the provisions of the Department of Banking Code of May 15, 1933, P. L. 565, for the purpose of orderly liquidation and distribution of its assets to creditors and shareholders.

The first and partial account of John C. Bell, Jr., Secretary of Banking, receiver, and Elihu A. Greenhouse, deputy receiver, covering the period from May 31, 1938, to March 1, 1939, is before me for audit and confirmation.

. . . .

The claim of Isadore S. Wachs, for services rendered as counsel for the liquidation trustees prior to the date of possession by the Secretary of Banking, is allowed as a claim preferred by law in the amount of $250 without interest, to be paid in full prior to payments to general creditors.

In this regard, it appears that claimant was elected counsel for the liquidating trustees in 1932 when the shareholders voted in favor of voluntary liquidation, that he served as counsel until 1938 when the Secretary of Banking took possession, at which time the liquidation nearly had been accomplished, and that claimant's services were of benefit to the insolvent estate and aided in its preservation. The reasonableness of the sum claimed is admitted, although the right to a preference, under the existing statute, is questioned.

Under the foregoing circumstances, had there been no governing statute, the general rule that expenses incurred in the administration of an insolvent estate are entitled to priority of payment out of its assets prior to any distribution to general creditors would have appeared applicable: 32 C. J. 890, and cases cited therein; 28 Am. Jur. 796. Section 1011(B) of the Department of Banking Code, supra, which governs the instant adjudication, after according preferences to authorized expenditures of the Secretary of Banking as receiver, to certain fees and debts owing to the Department of Banking, and to other claims of the Commonwealth, provides that prior-

ity next is to be accorded "any other claim which is given a preference by law."

In our opinion, it is a reasonable construction of the broad statutory language quoted above to hold that the legislature intended thereby to preserve the existing common-law preferences to which a claimant otherwise might have been entitled. As applied to this case, the contrary interpretation would produce a most unjust result in reducing to the status of a general claimant one whose services were sought for the purpose of liquidating an estate already insolvent, particularly where the liquidation had almost been completed when the Secretary of Banking took possession for reasons unrelated to the conduct of the liquidation. In the absence of a clear statutory provision requiring this conclusion, we are unwilling to imply such a legislative intent. Accordingly, we have allowed this claim as a preferred one. . . .